Pro Se 14 (INND Rev. 2/20)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

[This form is for prisoners to sue for civil rights violations. NEATLY print in ink (or type) your answers.]

Russell Grant Finnegan
[You are the PLAINTIFF, print your full name on this line.]

v.

Jeniffer Tetzloff
[The DEFENDANT is who you are suing. Put ONE name on this line. List ALL defendants below, including this one.]

Case Number  3:23-cv-738
[For a new case in this court, leave blank. The court will assign a case number.]

[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.]

## PRISONER COMPLAINT

| # | Defendant's Name and Job Title | Work Address |
|---|---|---|
| 1 | [Put the defendant named in the caption in this box.] Jeniff Tetzloff - an individual Court Administrator | Justice Center 110 E. Meridian St, Winamac, IN 46996 |
| 2 | [Put the names of any other defendants in these boxes.] Kim Hall Special Judge | Courthouse 53 E. Washington St, Knox, IN 46534 |
| 3 | John Potter Special Judge | Courthouse 115 W Washington St, Rensselaer, IN 47948 |

[If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and work address of each defendant in a separate box as shown here.]

1. How many defendants are you suing? __23__

2. What is the name and address of your prison or jail? Indiana State Prison 1 Park Row, Michigan City, IN 46360

3. Did the event you are suing about happen there? ○ Yes.  ☒ No, it happened at: _____
Pulaski Co. Jail, 110 E. Meridian St, Winamac, IN 46996

4. On what date did this event occur? August 13, 2021

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

FILED
7/31/23 ISP recd 8/4 mail
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
Chanda J. Berta, Clerk of Court

| | | |
|---|---|---|
| 4. | Kelly Gaumer<br>Prosecutor | Justice Center 110 E. Meridian St<br>Winamac, IN 46996 |
| 5. | Michael Morphet<br>Prosecuting Investigator | Justice Center 110 E. Meridian St.<br>Winamac, IN 46996 |
| 6. | Emily Waddle<br>Attorney | P.O. Box 548<br>DeMotte, IN 46310 |
| 7. | Luis Vallejo<br>Attorney | P.O. Box 548<br>DeMotte, IN 46310 |
| 8. | JoLynn Behny<br>Clerk | Courthouse 112 E. Main St.<br>Winamac, IN 46996 |
| 9. | Jane Doe<br>Baliff | Courthouse 115 W. Washington St.<br>Rensselaer, IN 47948 |
| 10. | John Doe<br>State Policeman | ? |
| 11. | Barney Rauch<br>Deputy | Justice Center 110 E. Meridian St<br>Winamac, IN 46996 |
| 12. | Chris Shram<br>Deputy | Justice Center 110 E. Meridian St.<br>Winamac, IN 46996 |
| 13. | Fred Rogers<br>Deputy | Justice Center 110 E. Meridian St.<br>Winamac, IN 46996 |
| 14. | Aarron Hiems<br>Deputy | Justice Center 110 E. Meridian St<br>Winamac, IN 46996 |
| 15. | Seth Barton<br>Deputy | Justice Center 110 E Meridian St<br>Winamac, IN 46996 |
| 16. | Robert Hartley<br>Deputy | Justice Center 110 E. Meridian St<br>Winamac, IN 46996 |
| 17. | Jeffery Richwine<br>Sheriff | 1474 N. 500 W.<br>Winamac, IN 46996 |

19.

| # | Name / Title | Address |
|---|---|---|
| 18. | Mary Welker, Judge | & Justice Center 110 E Meridian St, Winamac, IN 46996 |
| 19. | Cody Foust, Deputy | Justice Center 110 E Meridian St, Winamac, IN 46996 |
| 20. | Sammantha Jaslyn, Attorney | 129 E. Washington St, Rensselaer IN 47978 |
| 21. | Charels Mellon Jr., Commissioner | 1600 S. U.S. 35, Winamac, IN 46996 |
| 22. | Maurice Loehmer, Commissioner | 1600 S. U.S. 35, Winamac, IN 46996 |
| 23. | John M. McClure, Commissioner | 1600 S. U.S. 35, Winamac, IN 46996 |

20.

Pro Se 14 (INND Rev. 2/20)                                                                                                                      page 2

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

**DO NOT:** Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how each defendant violated your rights.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT:** Include social security numbers, dates of birth, or the names of minors.

DO: Use each defendant's name every time you refer to that defendant.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. On January 28, 2021 after being denied a hearing for the second time in proceedings 66C01-1910-PO-000074 I filed a demand for hearing. Instead of having a hearing on Feb. 10, 2021 special judge Kim Hall vacated and scheaduled a contempt hearing set for May 17, 2021. On May 13, 2021 Hall vacated scheaduled contempt hearing. On June 7, 2021 I filed another motion for a hearing and on June 17, 2021 Hall intiated criminal proceedings against me for inderect criminal contempt in proceedings 66C01-2106-MC-000099. Contempt proceedings were prosecuted by Kelly Gaumer the Pulaski County prosecuting attorney with assistance of Michael Morphet the prosecuting investigator against me on August 13, 2021 with special judge John Potter presiding as special judge. On July 27, 2021 Potter ordered the Pulaski County clerk JoLynn Behny to have certified copies of each of my motions for hearing in PO-74 made ready for contempt proceedings on Aug 13, 2021. On July 29, 2021 Potter ordered appointment of Emily Waddle as public defender as standby counsel as I was proceeding pro se. On or about August 3, 2021 I filed with the clerk Behny a number of subpeona's for witnesses for contempt proceedings on Aug. 13, 2021. On Aug. 10, 2021 Potter ordered

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Claims and Facts (continued)

clerk Behny not to issue any subpoena's for my witnesses. Contempt proceedings commenced and concluded on Aug. 13, 2021 with Jeniffer Tetzloff the Court Administrator of the Pulaski Circuit Court posing as a special court reporter for the court to record proceedings.

2. Upon start of proceedings Potter for some reason asked Waddle if she was going to have other witnesses than me and she stated no. Being confused of Potter's order entered Aug. 9, 2021 of him prejudically determining the proceedings a common law contempt as a limited issue that is essentially direct contempt that happened outside of court, citing Fishback v. State 30, N.E. 304 (Ind. 1892) and Waddle dictating as standby counsel who was going to be witnesses, I asked Potter if this was a summary conviction. For some reason Potter would not answer me and told me to ask Waddle first. I asked Waddle about summary conviction and my right to trial by jury and she would not answer me. I then asked her about my right to trial by jury and she directly told me that I did not have a right to trial by jury. This further confused me and I ~~asked~~ told Potter I demand my right to trial by jury. He responded that trial by jury in contempt is only allowed if the sentence is greater than 180 days and said that there is no issue worth a sentence of 180 days, that I don't have a right to trial by jury, ~~in contempt~~ by statute and case law. I then objected to the proceedings going forward without my right to a trial by jury. Proceedings then continued with the examination of one state witness Steven Mondy. Upon Mondy's testimony Waddle asked to voir dire the witness and was allowed by Potter. This confused me as Waddle had not been recognized as counsel and I had not consented to her

acting as counsel. In fear of her retaliation of her telling me that I "did not want to make Judge Potter mad, I've known him for a long time", I did not object. After examination of Mundy, exhibits A,B,C,D were admitted as evidence and Waddle asked to take a recess. During recess with Waddle and her assisting associate Luis Vallejo that had been helping her during proceedings, I told Waddle to object to the proceedings on the grounds the court did not have subject matter jurisdiction to commence contempt proceeding to begin with in accordance with Indiana statute, Waddle replied, "I don't have a problem with that." After recess Potter asked Waddle if she had any witnesses or evidence. She replied, "My client assures me today no other correspondance will come through the court to the clerk to any party involved in the legal system that is not in the appropriate legal format, in a pleading style," leaving me baffled. Potter then found me in indirect criminal contempt and sentenced me to 30 days in the Pulaski Co. Jail.

3. Because Hall refused to facilitate my right to be heard and allowed proceedings PO-74 to expire in Oct. 2022 at the two (2) year statute limit without me ever being afforded an opportunity to be heard and deprived me of the liberty of having a relationship with my son for two (2) years, Hall violated my 5th and 14th amendment rights to be heard and not be deprived of liberty without due process of law.

4. Because Hall initiated criminal proceedings for indirect criminal contempt in Leu of my right to be heard in proceedings PO-74 to sooth his wounded sensibilities, did not verify by oath or affirmation

5.

any fact of me (1.) disobeying process, (2). resisting or delaying process, (3). assalting or intimidating a witness, (4). false or inaccurate reporting of a case or proceeding, is not a prosecuting attorney, knew that all crimes in Indiana are defined by statute, and that there are no common law offenses, deprived me of notice and opportunity to defend with unverified information void of pertinate specific subject matter defined by Indiana law to constitute an offense of indirect criminal contempt, knew full well that sue generis proceedings are outlawed by the U.S. and Ind. Const. and that they are a preversion of a republican form of government, all in clear absense of all jurisdiction of any subject matter to empower a court or judge to act with a defense of immunity. Hall violated my 1st amendment right to the freedom of political speech, my 5th and 6th and 14th amendment rights to be informed of the nature and cause of accusation, opportunity to defend, not be deprived of liberty without due process of law and the equal protection of law.

5. Because Potter ordered Indiana State Police protection along with the Pulaski Co. Sheriff's Dept. for contempt proceedings on Aug. 13, 2021, presided over proceedings with his own baliff of the Jasper County Circuit Court, to assist him, ordered clerk Behney not to issue any of my subpoena's, would not answer my question about summary conviction, allowed and knew that Tetzloff was impersonating a public servant posing as a court reporter by being the Pulaski Circuit Court Administrator, not having ever taken a court reporters oath, posted the appropriate bond and procured a special seal per Indiana law, knew that

6.

there are no common law offenses in Indiana, knew Hall did not have power as a prosecuting attorney to initiate criminal proceedings in the name of The State of Indiana, knew Hall's rule to show cause was not verified by any oath or affirmation and did not alledge any indirect criminal contempt defined by Indiana law, prejudically determined a common law offense of contempt, knew sue generis proceedings are outlawed by the U.S. and Ind. Const. and are a preversion of a republican form of government, found his own facts and determined his own law absent a jury, found me in contempt in a sham proceeding and punished me for my political speech only to as a professional courtousy vindicate and sooth Hall's wounded sensibilities by disturbing the peace, safety, public order and domestic tranquility of the community, in clear absence of all jurisdiction of subject matter to empower him or a court to act with a defense of immunity. Potter violated my 1st amendment right to the freedom of political speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment right to trial by jury, to be informed of the nature and cause of accusation, opportunity to defend, compulsory process of obtaining witnesses in my favor and my 14th amendment rights to due process and equal protection of law.

6. Because Gaumer with the assistance of Morphet allowed Hall to initiate criminal proceedings in the name of The State of Indiana in Pulaski Co., with Hall being the Circuit Court judge of Starke Co., knew Hall's rule to show cause was not verified by any oath or affirmation and did not

alledge any indirect criminal contempt defined by Indiana law, knew there are no common law offenses in Indiana, knew sue generis proceedings are outlawed by the U.S. and Ind. Const. and are a preversion of a republican form of government, knew I was not allowed compulsory process of obtaining witnesses in my favor, deprived me of notice and opportunity to defend, continued and did successfully prosecute me with unverified information in clear absence of all jurisdiction of subject matter of any definition precribed by Indiana law of indirect contempt in retaliation for political speech. Gaumer and Morphet violated my 1st amendment right to freedom of political speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury, to be informed of the nature and cause of accusation, opportunity to defend, compulsory process of obtaining witnesses in my favor, and my 14th amendment rights to due process and equal protection of law.

7. Because Waddle with the assistance of Vallejo, knew Hall did not have jurisdiction as a prosecuting attorney to initiate criminal proceedings in the name of the State of Indiana in Pulaski Co., knew Hall's rule to show cause was not verified by any oath or affirmation and did not alledge any indirect criminal contempt defined by Indiana law, knew there are no common law offenses in Indiana, knew sue generis proceedings are outlawed by the U.S. and Ind. Const. and are a preversion of a republican form of government, knew I was not allowed compulsory

8.

process of obtaining witnesses in my favor, argued twice that there would be no witnesses for me during proceedings, deprived me of notice and opportunity to defend myself by bullying her way from standby counsel to counsel with the assistance of Vallejo without my consent by placing me in fear of retaliation of objecting, knew the court was not vested with jurisdiction of subject matter and did not object to it after she said she would, knew the proceedings were a complete sham and masturbation of the public trust only to vindicate and sooth Halls wounded sensibilities in retaliation of my protected political speech. Waddle and Vallejo violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of ~~property~~ liberty without due process of law, my 6th amendment rights to trial by jury, to be informed of the nature and cause of accusation, opportunity to defend and my right to defend myself, compulsory process of obtaining witnesses in my favor, and my 14th amendment rights to due process and equal protection of the law. Also Waddle and Vallejo knew Tetzloff was not a court reporter and because they further violated my 14th amendment rights to due process and equal protection of law.

8. Because Tetzloff as the Court Administrator of the Pulaski Circuit Court impersonated a public servant posing as a court reporter and not having taken a court reporters oath, posted the appropriate bond, or procured a special seal per Indiana law and kept the record on Aug. 13, 2021 in a sham proceeding by conspiring with Potter so he could vindicate and sooth Hall's

9.

wounded sensibilities in retaliation of my political speech. Tetzloff has violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of ~~of~~ law and my 14th amendment rights to due process and equal protection of law

9. Because Behny conspired with Potter to obstruct justice against Indiana law by absenting my witnesses from an official proceeding by not summonsing them with my filed subpeana's, certified exhibits of evidence per Potters instruction to assist and facilitate his sham proceedings, knew Tetzloff was not a real court reporter, and handed Potters baliff (Jane Doe) the certified exhibits during proceeding in retaliation of my political speech. Behny violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury and compulsory process of obtaining witnesses in my favor and my 14th amendment rights to due process and equal protection of law.

10. Because Potters baliff (Jane Doe) conspired with Potter to replace the Pulaski Co. baliff, assisted and facilitated Potter in proceedings with exhibits of evidence while armed with a gun knowing Tetzloff was not a real court reporter, only to vindicate and sooth Hall's wounded sensibilities with Potter in his sham proceedings in retaliation of my political speech. (Jane Doe) violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury, to be informed of the nature and cause of accusation, opportunity to defend, compulsory

10.

process of obtaining witnesses in my favor and my 14th amendment rights to due process and equal protection of law.

11. Because Indiana State Policeman (John Doe) after parking his State Police car in the handicap parking spot in front of the Pulaski Co. Justice Center requiring it to be moved so proceeding attendee Rob Shrimplin could access the Justice Center to witness Potter's sham proceedings. (John Doe) stood in the front of the courtroom armed with a gun to provide additional security for Potter so Potter could masturbate the public trust with sham proceedings to sooth the sensibilities of Hall in retalitation of my political speech. (John Doe) violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury, to be informed of the nature and cause of accusation, opportunity to defend, compulsory process of obtaining witnesses in my favor and my 14th amendment rights to due process of law and equal protection of law.

12. Because Barney Rauch, Chris Shram, Fred Rogers, Aarron Hiems, Seth Borton and Robert Hartley were all present during proceedings to provide security for Potter so Potter could masturbate the public trust with sham proceedings to sooth the sensibilities of Hall in retaliation of my political speech, and all of them being deputies of the Pulaski Co. Sheriff's Dept. Barney Rauch, Chris Shram, Fred Rogers, Aarron Hiems, Seth Borton and Robert Hartley all violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment

11.

rights to trial by jury, to be informed of the nature and cause of accusation, opportunity to defend, compulsory process of obtaining witnesses in my favor, and them all knowing Tetzloff was not a real court reporter further violated my 14th amendment rights to due process and equal protection of law.

13. Because Jeffery Richwine the Pulaski Co. Sheriff although not present for proceedings on Aug. 13, 2021, commanded Barney Rauch, Chris Shram, Fred Rogers, Aaron Hiems, Seth Barton and Robert Hartley to provide security for Potter so Potter could masturbate the public trust with sham proceedings to sooth the sensibilities of Hall in retaliation of my political speech. Richwine violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury, to be informed of the nature and accusation, opportunity to defend, compulsory process of obtaining witnesses in my favor, and my 14th amendment rights to due process and equal protection of law.

14. Because Mary Welker the Circuit Court judge of Pulaski Co. appointed Jeniffer Tetzloff to be the Court Administrator and allowed Tetzloff to pose and impersonate a public servant against Indiana law as a fake court reporter, knew Tetzloff had not taken a court reporter oath, knew Tetzloff had not posted the appropriate bond for a court reporter, knew Tetzloff had not procured a special seal and further allowed Tetzloff to keep the record in proceedings 66C01-2106-

12.

MC-000099 on Aug. 13, 2021 in a combined effort with Potter to masturbate the public trust with sham proceedings to sooth the wounded sensibilities of Hall in retaliation of my political speech. Welker violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury, to be informed of the nature and accusation, opportunity to defend, compulsory process of obtaining witnesses in my favor, and my 14th amendment rights to due process of law and equal protection of law.

15. At the close of proceedings on Aug. 13, 2021 after 18 people were satisfied with my prosecution and condemnment of my soul to the Pulaski Co. Jail for (30) thirty days and all sensibilities then being soothed from my political speech. For some reason the illustrious John D. Potter allowed me to exercise my right to appeal. On Aug. 18, 2021 Potter appointed Samantha M. Joslyn as appellate counsel. On Oct. 13, 2021, Potter after listening to the record of the Aug. 13, 2021 proceedings instructed Tetzloff to remove my question of summary conviction from the record on page (5) Five between lines (11) eleven and (12) twelve and entered an order restricting public access to the transcript in an effort to conceal the identity of Tetzloff by intentionaly, knowingly and intelligently misconstrueing and misuseing Administrative Rule 9 in a further effort to conceal his fraud and sham proceedings that were open and held with the public present on Aug. 13, 2021. After I had recieved and reviewed the transcript I asked Joslyn to have it reviewed for authenticity per Administrative Rule 10A. Joslyn deliberately did this in my absence on the morning of Nov. 17, 2021. She then told me she would swear on a stack

13.

of bibles that the transcript was accurate word for word. Knowing the close personal and professional relationship between Potter and Joslyn I relieved Joslyn as counsel on Nov. 19, 2021. On or about Dec. 1, 2021 I requested through jail staff to make a report to law enforcement which was facilitated by Pulaski Co. Sheriffs Deputy Cody Foust in the Pulaski Co. Jail South attorney visitation booth. I spoke with Foust briefly of Joslyn, Potter, Tetzloff and the transcript and as soon as he was learned of the nature and circumstances of my complaint he turned his body camera off and said he could not help me. After the termination of Joslyn I was not afforded reappointment of appellate counsel and was forced to either hire counsel or proceed pro se, niether of which I could not do and my pending appeal was dismissed.

16. Because Potter instructed Tetzloff to remove a portion of the record and obstructed justice against Indiana law, concealed the public record after this by intentionally misusing Administrative Rule 9 in an effort to conceal the identity of an impersonated public servant. Potter violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury and opportunity to defend, my 14th amendment rights to due process and equal protection of law and my right to appeal.

17. Because Joslyn listened to the record, swore to me that it was true in reguard to the transcript prepared by Tetzloff, in doing so machinated the frauds of Potter and Tetzloff. Joslyn violated my right of the 1st amendment to free speech, my 5th amendment right to

14.

not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury and opportunity to defend, my 14th amendment rights to due process and equal protection of law and my right to appeal.

18. Because Tetzloff conspired with Potter to remove a portion of the record, filed and presented a false record unsigned, sealed or certified in the Indiana Court of Appeals, was not a court reporter, concealed her identity and obstructed justice and further impersonated a public servant again against Indiana law. Tetzloff violated my 1st amendment right to free speech, my 5th amendment right to X not be deprived of ~~property~~ liberty without due process of law, my 6th amendment rights to trial by jury and opportunity to defend, my 14th amendment rights to due process and equal protection of law and my right to appeal.

19. Because Welker allowed her Court Administrator to pose further as a Court Reporter, she allowed Tetzloff to remove a portion of the record, allowed Tetzloff with Potter to conceal her identity, allowed Tetzloff to file a transcript presented in a false format, unsigned, sealed or certified in the Indiana Court of Appeals. By Welker machinating the frauds of Potter and Tetzloff further by obstructing justice with the impersonation of a public servant again. Welker violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury and opportunity to defend, my 14th amendment rights to due process and equal

15.

protection of law and my right to appeal.

20. Because Foust refused to make a report on my behalf of Tetzloff impersonating a public servant and obstructing justice, Potter obstructing justice and Jaslyn obstructing justice after being learned of the nature and circumstances of my complaint and because of who Potter, Tetzloff and Jaslyn were in the community. Foust with deliberate indifference violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury and opportunity to defend, my 14th amendment rights to due process and equal protection of law and my right to appeal.

21. Because Richwine being the Pulaski Co. Sheriff allowed Foust not to make a report on my behalf of Tetzloff impersonating a public servant and obstructing justice, Potter obstructing justice and Jaslyn obstructing justice, allowed Foust to not render the apprehension of these individual with deliberate indifference. Richwine violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury and opportunity to defend, my 14th amendment rights to due process and equal protection of law and my right to appeal.

22. On June 16, 2023 I sent a series of letters by certified mail to Pulaski County Commissioners Charles Mellon Jr., Maurice Loehmer and John M. McClure asking to have my 14th amendment rights of due process and equal protection of law facilitated by me being able to report to law enforcement by criminal complaint of Potter and Behny not issuing my

16.

subpeana's and absenting witnesses to testify for proceedings on Aug. 13, 2021. Tetzloff impersonating a public servant as a Court reporter and her and Potter Falsefying a transcript. Foust failing to report a crime. Waddle Gaumer and Morphet for conspiracy to impersonate a public servant, obstruction of justice. Because Mellon, Loehmer and McClure were given 23 notice of the details of Potter's sham proceeding with Tetzloff impersonating a public servant, accepted payment as county commissioners from the State of Indiana into the county purse for everyday that I was unlawfully imprisoned in the proceedings mentioned herein, have done nothing to stand in contrast to the sham proceeding by facilitating my 14th amendment rights to due process and equal protection of law as I have asked, are responsible for the county budget that was expended to have Potter's sham proceedings. Mellon, Loehmer, and McClure as individuals employed by Pulaski County have machinated Potter's sham proceedings and the frauds of all complained herein by maintaining and operating a corrupt business organization against Indiana law by using county government as a political weapon to unjustly enrich the public purse off of my unlawful imprisonment in retaliation for my political speech. Mellon, Loehmer and McClure have violated my 1st amendment right to free speech, my 5th amendment right to not be deprived of liberty without due process of law, my 6th amendment rights to trial by jury, compulsory process of obtaining witnesses in my favor, to be informed of the nature and cause of accusation, opportunity to defend, my 14th amendment rights to due

17.

process and equal protection of law and my right to appeal.

23. For and because of the above reasons I have been damaged socially, Finacially and emotionally. All individuals named herein are sued in there individual capacities by me petitioning this court under authority of 42 USC sections 1983 and 1985 for deprivation of Federally protected rights. As no reasonable theory of apportionment arises, the defendants should be considered jointly and severally liable. A jury's determination that I was deprived of Federally protected rights rights caused by any or all of the defendants warrents a jury's determination of damages together with the cast of this action. Determination by the court that any of the defendants conspired to commit Fraud warrants remand to another authority for inquiry into criminal charges. A jury's determination that any or all of the defendants acts were scandalous, outrageous, and an affont to public policy justly requires punitive and exemplary damages sufficient so as to be instructional to parties found guilty to effect correction of their bad behavior. Jury Trial Demanded.

Russell G. Finnegan
Russell G. Finegan
25 July 2023

18.

Pro Se 14 (INND Rev. 2/20)                                                                                                         page 4

5. When did this event happen?
   ○ Before I was confined.
   ☒ While I was confined awaiting trial.
   ○ After I was convicted while confined serving the sentence.
   ○ Other: _____

6. Have you ever sued anyone for this exact same event?
   ☒ No.
   ○ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

7. Could you have used a prison grievance system to complain about this event?
   ☒ No, this event is not grievable at this prison or jail.
   ○ Yes, I filed a grievance and attached is a copy of the response from the final step.
   ○ Yes, this event was grievable, but I did not file a grievance because _____

8. If you win this case, what do you want the court to order the defendant(s) to do?
   [NOTE: A case filed on this form will not overturn your conviction or change your release date.]

   Order defendants found guilty to pay punitive and exemplary damages sufficient so as to be instructional to effect correction of their bad behavior.

[Initial Each Statement]
RGF I will pre-pay the filing fee OR file a prisoner motion to proceed in forma pauperis.
RGF I will keep a copy of this complaint for my records.
RGF I will promptly notify the court of any change of address.
RGF I WILL NOT send more than one copy of any filing to the court.
RGF I WILL NOT send summons, USM-285, or waiver forms to the clerk.
RGF I declare under penalty of perjury that the statements in this complaint are true.

I placed this complaint in the prison mail system on __7_/_31_/20_23_ at _7:11_ am/pm.
[Do not fill in this date and time until you give the complaint to prison officials to send to the court.]

_Ronald D. Finnegan_                                        _289421_
Signature                                                    Prisoner Number

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]